IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
Asheville Division          Case No. 1:12-cv-388

| | |
|---|---|
| WILLIAM N. DEVLIN and wife ) | |
| CARRI A. LUCKSAVAGE, ) | |
| ) | |
| Plaintiffs ) | |
| ) | FIRST AMENDMENT |
| v. ) | TO COMPLAINT |
| ) | |
| WELLS FARGO BANK, N.A. ) | |
| ) | |
| Defendant ) | |
| ) | |

COMES NOW, the Plaintiff in accordance with Fed R. Civ. P. 15(a)(1)(B) and hereby files this first amendment to the initial complaint filed herein. And states and says the amendment shall be in pertinent part as follows:

FIFTH CAUSE OF ACTION: INJUNCTIVE RELIEF

26. The Plaintiffs re-assert paragraphs 1-25 of their Complaint as if fully set forth herein and further allege:

27. On April 4, 2012 the United States District Court for the District of Columbia entered orders approving the National Mortgage Settlement. The Defendant in this case was a named party to actions by 49 separate state attorney generals with respect to various issues relative to foreclosure fraud and numerous activities which called into question the veracity of the underlying loans as well as the veracity associated with the veritable tidal-wave of foreclosures which blanketed the state courts. North Carolina is one of the states which sued this Defendant.

28. By way of a federal Consent Cease and Desist Order issued by the United States Comptroller of the Currency, this Defendant has agreed and consented to undergo a number of steps designed to remedy the deficiencies and unsafe or unsound business practices identified by federal regulatory officials with respect to Defendant's residential mortgage servicing and foreclosure processes.

29. The new servicing standards require servicers to evaluate homeowners for loss mitigation options including, but not limited to: principal balance reductions, cash awards, and reapplications for relief under the settlement for borrowers previously denied assistance. In addition, banks are restricted from foreclosing while the homeowner is being considered for loss mitigation and banks must stop foreclosure sales once a full application is filed and is under review. All loans are subject to the new servicing standards under the national mortgage settlement, and foreclosure processing by lenders has been streamlined such that loss mitigation options that were previously not being utilized are now made available to homeowners.

30. Without waiver of their rights with respect to the fraud and unfair lending practices employed by the Defendant in the case at bar, notice was sent by the Plaintiffs to the servicer that application for immediate assistance by way of the above-mentioned national mortgage settlement was underway.

31. Despite the fact that the Plaintiffs, without waiver of claim, complied with and participated in three separate "trial modification" programs, this Defendant has initiated foreclosure proceedings in North Carolina State Court entitled: *Foreclosure of Real Property Under Deed of Trust from Carri A. Lucksavage and William N. Devlin a/k/a in the original amount of $409,600.00 and dated November 29, 2004 and recorded on November 29, 2004 in Book 3851 at Page 502 Buncombe County Registry 10 SP 1076.*

32. This Defendant has agreed via federal consent order to abide by a myriad of terms and conditions relative to foreclosure most of which deal primarily with matters related to mitigation; the continued attempt by this Defendant to foreclose on the property which is part of the action contained herein is a direct violation of the Consent Cease and Desist Order it entered into with the State of North Carolina and forty eight other states across the United States.

33. This Defendant is attempting to foreclose and evict the Plaintiffs from their home and such action will cause immediate irreparable harm and will ultimately allow this Defendant to effectuate unjust enrichment and unfair gain from the artifice it employed when it made the illegal loan, which is the primary focus of this action.

34. The Plaintiffs are entitled to a preliminary injunction with respect to the issues surrounding the attempted foreclosure as referenced herein, and are likely to succeed on the merits of their request for a preliminary injunction inasmuch that this Defendant has already consented in a Federal District Court to abide by a mitigation program designed to help struggling homeowners work through the foreclosure crisis.

35. The interests of the public at large are also served insofar that this Defendant should be held to abide by the terms and conditions of the Consent Cease and Desist Order it entered into.

WHEREFORE, THESE PLAINTIFFS PRAY:

6. For an order preliminarily enjoining this Defendant from attempting to effectuate foreclosure in the subject case (Buncombe County, North Carolina 10 SP 1076) inasmuch as the same is in violation of the Consent Cease and Desist Order they entered into with the Attorney General for the State of North Carolina.

RESPECTFULLY submitted, this the 19th day of August 2013

**DAVID R. PAYNE, P.A.**

/s/ David R. Payne
David R. Payne, Esq.
N.C. Bar No. 19945
1 North Pack Square, Suite 500
Asheville, NC 28801
Telephone: (828) 258-0076

CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of January 2013, the foregoing Proposed Amendment to Complaint was served via the Court's CM/ECT system as follows:

WOMBLE CARLYLE SANDRIDGE & RICE, LLP
Kenneth B. Oettinger, Jr., Esq.
Lee Williams, Esq.
301 South College Street, Suite 3500
Charlotte, NC 28202-6037

*Attorneys for Defendant*

/s/David R. Payne
David R. Payne
