IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
Asheville Division
Case No. 1:12-cv-388

| | |
|---|---|
| WILLIAM N. DEVLIN and wife CARRI A. LUCKSAVAGE,<br><br>        Plaintiffs<br><br>v.<br><br>WELLS FARGO BANK, N.A.<br><br>        Defendant. | **REPLY BRIEF<br>IN SUPPORT OF<br>MOTION TO DISMISS<br>AMENDED COMPLAINT** |

Defendant Wells Fargo Bank, National Association ("Wells Fargo") files this Reply Brief in Support of its Motion to Dismiss Amended Complaint and respectfully shows the Court as follows:

In an attempt to save their claims, which are barred by the applicable statutes of limitations as a matter of law,[1] Plaintiffs allege, for the first time in their Brief in Opposition to Motion to Dismiss [Doc. # 14 n. 4], that they first discovered the loan application containing the "false information related to the various income of the Plaintiffs" on April 19, 2012.

Plaintiffs allege in their Complaint "the income of Plaintiff, Lucksavage, was amplified three times its original amount. Additionally, with respect to the Plaintiff, Devlin, who was self employed, it appears that the agents of the Defendant indicated on these forms that he had received W-2 income as well as other income which was simply and totally false in nature." [Doc. # 1, ¶ 14].

---

[1] See, Brief in Support of Motion to Dismiss Amended Complaint [Doc. # 13 at pp. 4-7].

Though all of Plaintiffs' claims are based upon the allegedly falsified loan applications, Plaintiffs failed to attach them to their pleadings for the Court's review. In such circumstances, "the defendant may introduce the exhibit as part of his motion attacking the pleading." *Suntrust Mortgage, Inc.v. Busby*, 651 F.Supp.2d 472, 479-82 (W.D.N.C. 2009).

> When a plaintiff files a complaint based on a document but fails to attach that document to the complaint, the defendant may so attach the document, and therefore, the document, as one that could have or rather in fairness should have been attached to the complaint, is considered part of the pleadings and thus may be reviewed at the pleading stage without converting the motion into one for summary judgment …. Such a document is not 'outside the pleadings'….

*Id.* (Reviewing loan files counterclaimants failed to attach to their counterclaims and dismissing claims based upon allegations that a lender falsified income in their loan applications, stating "it is beyond the realm of reason to suggest that these defendants would not know what their own monthly incomes were..." and "defendants simply cannot, as a matter of law, be justified in relying on information prepared by another the [] defendants well knew to be false"). Accordingly, Defendant has attached Plaintiffs' loan applications hereto as <u>Exhibits 2</u> and <u>3</u> for the Court's consideration on this Motion to Dismiss.

Plaintiffs' assertion that they first discovered the information in their loan application on April 19, 2012, is directly controverted by their loan applications, which are initialled on each page, signed by them and dated November 22, 2004. (<u>Exhibit 2</u>, Plaintiff Lucksavage's Loan Application, p. 2 of 4; <u>Exhibit 3</u>, Plaintiff Devlin's Loan Application, p. 2 of 4). Accordingly, the Court need not accept Plaintiffs' contradictory allegations as true for purposes of this Motion to Dismiss. *Haberland v. Bulkeley*, 896 F. Supp. 2d 410, 420 (E.D.N.C. 2012) ("courts need not accept as true a plaintiff's factual allegations to the extent they contradict such documents" that are referenced in and central to the plaintiff's claims) (citing *Veney v. Wyche*, 293 F.3d 726, 730

(4th Cir.2002); *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1465 (4th Cir.1991)).

For the foregoing reasons, and the reasons set forth in the Brief in Support of the Motion to Dismiss Amended Complaint [Doc. # 13], Wells Fargo respectfully requests this Court dismiss all of the claims in Plaintiffs' Complaint with prejudice.

This the 18th day of September, 2013.

**WOMBLE CARLYLE SANDRIDGE & RICE, LLP**

/s/ Kenneth B. Oettinger, Jr.
Kenneth B. Oettinger, Jr. (NC State Bar No. 20064)
Lee Williams (NC State Bar No. 35657)
301 South College Street, Suite 3500
Charlotte, NC 28202-6037
Telephone: (704) 331-4900
*Attorneys for Defendant*

3
Case 1:12-cv-00388-MR   Document 15   Filed 09/18/13   Page 3 of 4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of September, 2013, the foregoing "**Reply Brief in Support of Motion to Dismiss Amended Complaint**" was served via the Court's CM/ECF system as follows:

> David R. Payne
> David R. Payne, P.A.
> 1 North Pack Square, Suite 500
> Asheville, NC 28801
> dpayne@drplawfirm.com
>
> *Attorney for Plaintiff*

/s/ Kenneth B. Oettinger, Jr.
Kenneth B. Oettinger, Jr.